BRIAN J. STRETCH (CABN 163973)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

WILLIAM J. EDELMAN (CABN 285177)
Special Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7265
    FAX: (415) 436-7234
    william.edelman@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR-16-320-VC |
| Plaintiff, | [~~PROPOSED~~] ORDER OF DETENTION OF DEFENDANT ANTHONY RICE |
| v. | |
| ANTHONY RICE, | |
| Defendant. | |

    The defendant Anthony Rice came before this Court on July 29, 2016, for a detention hearing. The defendant was present and represented by his counsel, Assistant Federal Public Defender Elizabeth Falk. Special Assistant United States Attorney William J. Edelman represented the United States.

    The government requested detention, submitting that no condition or combination of conditions would assure the defendant's appearance or reasonably assure the safety of the community.

    Pretrial Services submitted a report recommending detention.

DETENTION ORDER
NO. CR 16-320-VC                          1

1   Upon consideration of the Pretrial Services report, the court file, and the parties' proffers as
2   discussed below, the Court finds by clear and convincing evidence that no condition or combination of
3   conditions will reasonably assure the safety of the community, and the Court also finds on the present
4   record by a preponderance of the evidence that no condition or combination of conditions would assure
5   the defendant's appearance.  The Court orders the defendant detained.

6   The present order supplements the Court's findings at the detention hearing and serves as a
7   written findings of fact and statement of reasons as required by 18 U.S.C. § 3142(i).

8   The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-3150, sets forth the factors which the Court
9   must consider in determining whether pretrial detention is warranted.  In coming to its decision, the
10  Court has considered those factors, paraphrased below:

11      (1)  the nature and seriousness of the offense charged;

12      (2)  the weight of the evidence against the person;

13      (3)  the history and characteristics of the person including, among other considerations,
14  employment, past conduct and criminal history, and records of court appearances; and

15      (4)  the nature and seriousness of the danger to any person or the community that would be posed
16  by the person's release.

17      18 U.S.C. § 3142(g).

18      Defendant Anthony Rice was originally appeared before the Court on a complaint alleging
19  violations of 18 U.S.C. § 2114(a) (robbery of mail) and 18 U.S.C. § 1708 (theft of mail), and on July 26,
20  2016 waived his right to indictment and was arraigned on an Information charging him with a single
21  count of mail theft in violation of 18 U.S.C. § 1708.  The government proffered that the instant offense
22  involved the display of a weapon during the theft of mail.

23      In considering all of the facts and proffers presented at the hearing, the Court finds the following
24  factors among the most compelling in reaching its conclusion that no combination of conditions could
25  reasonably assure the community's safety:   (1) the defendant's extensive history of convictions and
26  arrests for violent crimes, including convictions for robbery and kidnapping for ransom, and twelve
27  arrests for robbery or attempted robbery, kidnapping, rape, battery, and domestic violence, and (2) the

28
DETENTION ORDER
NO. CR 16-320-VC                              2

defendant's criminal history, which reflects dozens of parole violations and bench warrants, showing poor amenability to community supervision, which is exacerbated on the current record by the lack of suitable sureties, lack of stable residence, and two prior failures to complete drug treatment programs; and (2) the nature and circumstances of the offense charged involve the use of a weapon in connection with a theft.

These factors, among others adduced at the hearing, clearly and convincingly demonstrate that the defendant would be a danger to the community, and also show by a preponderance of the evidence that no combination of conditions could reasonably assure the defendant's appearance as required.

Accordingly, pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

(1) the defendant be committed to the custody of the Attorney General for confinement in a corrections facility;

(2) the defendant be afforded reasonable opportunity for private consultation with his counsel; and

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

Dated: August 1, 2016

_____

HON. SALLIE KIM
United States Magistrate Judge